# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Hamza Ahmed Mohamed, | Case No. 16-cv-4027 (JNE/TNL) |
| Petitioner, | |
| v. | **REPORT & RECOMMENDATION** |
| U.S. Department of Homeland Security, | |
| Respondent. | |

Hamza Ahmed Mohamed, Sherburne County Jail, 13880 Business Center Drive Northwest, Elk River, MN 55330 (pro se Petitioner); and

Ana H. Voss and D. Gerald Wilhelm, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

## I. INTRODUCTION

This matter comes before the Court on Petitioner Hamza Ahmed Mohamed's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner is proceeding pro se. Respondent U.S. Department of Homeland Security is represented by Assistant United States Attorneys Ana H. Voss and D. Gerald Wilhelm. This matter has been referred to the undersigned for a Report and Recommendation to the Honorable Joan N. Ericksen, District Judge for the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons that follow, the Court recommends that the petition be denied as moot and this action be dismissed.

1

## II. BACKGROUND

Petitioner is a native and citizen of Somalia. (Decl. of Christopher A. Campbell at 2, ECF No. 6; Resp't Resp. at 1, ECF No. 5.) On October 21, 2015, Petitioner was encountered attempting to enter the United States in Brownsville, Texas. (Campbell Decl. at 2; Resp't Resp. at 1.) He was found to have no status in, or permission to enter, the United States, and was ordered removed via expedited removal. (Campbell Decl. at 2; Resp't Resp. at 1.) Petitioner "claimed [c]redible [f]ear of return" to Somalia. (Campbell Decl. at 2; Resp't Resp. at 1.) On December 8, 2015, the Chicago Asylum Office "delivered a positive [c]redible [f]ear claim" and referred Petitioner's case to an immigration judge. (Campbell Decl. at 2.)

An immigration judge ordered Petitioner removed from the United States on May 25, 2016. (Campbell Decl. at 2; Resp't Resp. at 2.) Petitioner initially waived any appeal, but later indicated he wanted to appeal his case. (Campbell Decl. at 2.) No appeal was ever filed, and the order of removal became final on June 24, 2016. (Campbell Decl. at 2; Resp't Resp. at 2.) On June 25, 2016, a Warrant of Removal/Deportation was issued. (Campbell Decl. at 2; Resp't Resp. at 2.) Petitioner was issued a Warning for Failure to Depart on July 26, 2016. (Campbell Decl. at 2; Resp't Resp. at 2.) This Warning informed him of potential criminal consequences for refusing to comply with efforts to remove him to Somalia. (Campbell Decl. at 2-3; Resp't Resp. at 2.)

Immigration and Customs Enforcement ("ICE") continued its efforts to remove Petitioner by attempting to obtain travel documents. (Campbell Decl. at 3; *see* Resp't

Resp. at 2-3.) An Electronic Travel Document package was uploaded for Somalia on September 16, 2016. (Campbell Decl. at 3; Resp't Resp. at 2.) On September 23, 2016, Petitioner was served with a custody review decision advising him that he was to remain in ICE custody beyond the expiration of the 90-day removal period because ICE was continuing efforts to obtain a travel document. (Campbell Decl. at 3; Resp't Resp. at 2-3.) ICE determined that Petitioner appeared to be a flight risk and there was a significant likelihood of removal in the reasonably foreseeable future. (Campbell Decl. at 3; Resp't Resp. at 3; ECF No. 6-1 at 29, 30.) A travel document packet was completed and sent to ICE Headquarters to try to obtain a travel document to Somalia. (Campbell Decl. at 3; Resp't Resp. at 2.) Petitioner filed the instant habeas petition on November 30, 2016.[1] (Pet.)

On December 7, 2016, ICE was informed that a tentative charter flight to Somalia would be scheduled in the first quarter of 2017. (Campbell Decl. at 3; Resp't Resp. at 3.) On December 28, 2016, ICE advised Petitioner that his detention would continue beyond the 180-day removal period because there was a significant likelihood of removal in the reasonably foreseeable future. (Campbell Decl. at 3.) ICE received a travel document for Petitioner the following day. (Campbell Decl. at 2, 3; Resp't Resp. at 3, 9.) On

---

[1] In *Zadvydas v. Davis*, the Supreme Court held that six months is a presumptively reasonable period of time to keep an alien subject to a final removal order in custody. 553 U.S. 678, 701 (2001). Petitioner's order of removal became final on June 24, 2016. Petitioner's detention was presumptively reasonable for six months, i.e., until on or about December 21, 2016. Petitioner filed his habeas petition, however, on November 30, 2016. As a result, Petitioner filed his habeas petition before any *Zadvydas* claim was ripe. *See Mehighlovesky v. U.S. Dept. of Homeland Sec.*, No. 12-cv-902 (RHK/JJG), 2012 WL 6878901, at *2 (D. Minn. Dec. 7, 2012), *adopting report and recommendation*, 2013 WL 187553 (D. Minn. Jan. 17, 2013) ("Petitioner had no colorable *Zadvydas* claim when he commenced this action, because he had not been detained for more than six months after his removal order became final.").

3

January 24, 2017, ICE removed Petitioner via charter airplane to Somalia. (Second Decl. of Christopher A. Campbell at 2, ECF No. 9; Resp't Supp. Resp. at 1, ECF No. 8.) Respondent subsequently filed a supplemental response, indicating that Petitioner had been successfully removed from the United States and requesting that the habeas petition be dismissed as moot. (Resp't Supp. Resp. at 1-4.)

### III. ANALYSIS

"Article III of the United States Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies." *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003); *see* U.S. CONST. art. III, § 2. The case-or-controversy requirement exists at all stages of federal judicial proceedings. *Potter*, 329 F.3d at 611. It is of no consequence that a claim was live at an earlier stage in the proceedings; a claim must be live when the court decides the issues. *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) (alteration in original) (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). When a claim is no longer an active case or controversy, the claim is moot and the federal court must dismiss. *Potter*, 329 F.3d at 611.

"As long as a habeas corpus petitioner remains incarcerated, his claims cannot be moot, because a writ of habeas corpus can provide meaningful relief—namely, release from custody." *Serebryanskiy v. Beniecke*, 12-cv-1671 (PAM/JSM), 2013 WL 1189683,

at *2 (D. Minn. Mar. 4, 2013) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), *adopting report and recommendation*, 2013 WL 1193072 (D. Minn. Mar. 22, 2013). A petitioner's case becomes moot once he is released unless he can show that a writ of habeas corpus would still provide some benefit to him. *Id.*

"The District of Minnesota is one of several U.S. District Courts that have concluded that a petitioner's actual removal from the United States renders moot that petitioner's habeas claims related to his detention prior to removal." *Hassan v. I.C.E.*, No. 13-cv-841 (PJS/LIB), 2013 WL 3974522, at *2 (D. Minn. Aug. 1, 2013) (citing *Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.*, No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at *10-12 (D. Minn. Dec. 13, 2010) ("To the extent that the Court could construe Mhanna's request for relief as a reviewable habeas claim relating to his ICE detention, however, ICE's removal of Mhanna from the United States renders any such claim moot.")); *see Hassan*, 2013 WL 3974522, at n. 2 (listing cases); *see also Louismar v. Holder*, No. CA 09-0221-WS-C, 2009 WL 2424445, at *2 (S.D. Ala. Aug. 6, 2009) ("Several district courts, in addition to this Court, have determined that once a § 2241 petitioner has been removed from the United States and deported to his native country his petition seeking release from detention and ICE custody becomes moot as there is no longer a live case or controversy as required under Art. 3, § 2, cl. 1.") (quotation omitted). The Eighth Circuit has reached the same conclusion. *Cf. Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (government's mistaken release of alien arguably provided relief sought in alien's habeas petition).

Petitioner's habeas petition challenges his "prolong [sic] detention" and requests release from ICE Custody. (Pet. at 2, 6, 8.) In light of the liberal construction courts afford to the claims of pro se litigants, the Court has construed Petitioner's habeas petition as seeking relief under *Zadvydas*. *See Haines v. Kenner*, 404 U.S. 519, 520 (1972) (per curiam) (holding pro se allegations "to less stringent standards than formal pleadings drafted by lawyers"); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (construing pro se complaints liberally). Essentially, Petitioner asserts that he is entitled to release from ICE custody because his detention exceeds the presumptively reasonable period established in *Zadvydas*. Petitioner has been removed and is no longer in ICE's custody. Petitioner's removal affords Petitioner the relief sought, and consequently renders his habeas petition moot. *Hassan*, 2013 WL 3974522, at *2. Therefore, Petitioner's habeas petition should be denied as moot and this matter should be dismissed.

[Continued on next page.]

# IV. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED AS MOOT.**

2. This action be summarily **DISMISSED WITH PREJUDICE**.

Date: May 31, 2017                                    s/ Tony N. Leung
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      for the District of Minnesota

                                                      *Mohamed v. US Dept. of Homeland Security*
                                                      Case No. 16-cv-4027 (JNE/TNL)

# NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.